IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JOSE B. MONTOYO-RIVERA,

Plaintiff,

v.

PALL LIFE SCIENCES PR, LLC,

Defendant.

CIVIL NO. 16-2102 (GAG)

### ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Bruce McGiverin's Report and Recommendation (Docket No. 53) on Defendant's Motion to Strike under Rule 12(f) (Docket No. 16) and Motion for Sanctions under Rule 11 (Docket No. 17) is hereby **ADOPTED** in its entirety. Accordingly, Defendant's motions are hereby **GRANTED.**

The undersigned has received and reviewed the objection to the Report and Recommendation filed by Plaintiff. (Docket No. 55.) Applying a *de novo* standard of review, I hereby accept and adopt as my own Judge McGiverin's legal conclusions on Plaintiff's Complaint.

### I. Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). Parties may file objections to a Magistrate Judge's R&R. Rule 59(b) of the Federal Rules of Civil Procedure states that"[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." Upon a party's objection, the Court shall make a *de novo* review. "The

**Civil No. 16-2102 (GAG)**

district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CIV. P. 59(b)(3).

**II.     Discussion**

      A. <u>Plaintiff's Objection to the Report and Recommendation's Dismissal Recommendation</u>

Plaintiff objects to the dismissal of the Complaint, arguing that the case should instead be consolidated with <u>Montoyo-Rivera v. Pall Life Sciences PR, LLC</u>, Civil No. 16-1199 (BJM) ("Montoyo I"). (<u>See</u> Docket No. 55 at 11.) Plaintiff, however, instead of attempting to persuade the Court as to the merits of the present action, objected to the dismissal recommendation by stating:

> As indicated, both *Montoyo I* and *Montoyo II* assert the same facts and claims, between the same parties. Accordingly, all relevant factors weigh in favor of consolidating the two actions *because they name the exact same parties, challenge the same actions, and involve the same issues of fact and law*.

<u>Id.</u> at 13. Plaintiff clearly misses the point. The issue with the Complaint is not whether it is sufficiently similar to <u>Montoyo I</u>, but whether there was a valid reason for having filed it in the first place. To this end, Plaintiff has suggested that "there was a possibility that the Complaint in *Montoyo I* could be deemed prematurely filed since it was filed before the EEOC issued its right-to-sue letter." <u>Id.</u> at 15.

The Court agrees that Plaintiff's reasoning "does not hold water." (Docket No. 53 at 7.) The right-to-sue letter was issued on March 17, 2016. (Docket No. 55 at 7.) On June 9, 2016, within the ninety-day period after receiving the right-to-sue letter, Plaintiff filed its Second Amended Complaint in Civil No. 16-1199. <u>Id.</u> at. 6. Plaintiff admits that Defendants did not raise

the alleged premature filing of Montoyo I as an affirmative defense in that case. Id. at 13. Regardless, Plaintiff filed the present action on June 15, 2016, "in order to ensure that its claims fully comply with the 90-day filing period mandated by 42 U.S.C. § 2000e-5(f)(1)." Id. at 7-8.

If Plaintiff was convinced of the need to amend the Second Amended Complaint based on some perceived defects—defects which, if real, would have been entirely attributable to Plaintiff's omissions—the appropriate procedural mechanism for doing so was to move the Court for leave to file a third amended complaint. Plaintiff's proffered reasons for filing the present action represent a clear attempt to circumvent the text and purpose of Rule 15(a). See FED. R. CIV. P. 15(a).

### B. Plaintiff's Objection to the Report and Recommendation's Sanctions Recommendation

Plaintiff argues that his "position was not so plainly unmeritorious as to warrant the imposition of sanctions." (Docket No. 55 at 18.)  According to Plaintiff, the improper filing of the present action was done "pursuant to the caselaw interpreting Rule 42(a)". Id. at 17.  However, the caselaw cited by Plaintiff, especially Connectu LLC v. Zuckerberg, 522 F.3d 82 (1st Cir. 2008), does not stand for the proposition that a party may file a subsequent action in order to cure the potential procedural defects of a prior one, and is inapplicable to the present controversy.

As the present action was filed with improper motives, it is clear that Plaintiff's attorneys have, at the very least, acted with culpable carelessness.

### III. Conclusion

After conducting a *de novo* review, the Court finds that Plaintiff's objection is without merit, and **ADOPTS** in its entirety Magistrate Judge McGiverin's Report and Recommendation at

**Civil No. 16-2102 (GAG)**

Docket No. 53.  Defendant's Motion to Strike under Rule 12(f) at Docket No. 16 and Motion for Sanctions under Rule 11 at Docket No. 17 are hereby **GRANTED**.

Defendant is hereby ordered to submit a detailed motion for reasonable attorneys' fees and costs that were incurred as a direct result of this improperly filed, duplicative case.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March 2017.

*/s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge